IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLES MONTOYA,

    Plaintiff,

v.                                                                   No. CIV 13-30 JCH/GBW

JANET NAPOLITANO, SECRETARY,
U.S. DEPARTMENT OF HOMELAND
SECURITY,

    Defendant.

## ORDER GRANTING IN PART MOTION TO STRIKE

This matter comes before the Court on Defendant's Motion to Strike Expert Witness Disclosures. *Doc. 33.* The Court held a hearing on the Motion on July 28, 2014. *Doc. 57.* Having considered the briefing (*docs. 33, 45*), the arguments presented by counsel, and being otherwise fully advised, the Court GRANTS IN PART Defendant's Motion to Strike.

On November 20, 2013, Plaintiff submitted a letter to Defendant designating two physicians—Donald J. Ham, M.D., and Parley D. Fillmore, M.D.—as medical experts, and identifying his two attorneys—Raymond D. Martinez and Brett Duke—as experts who would testify to the reasonableness of Plaintiff's attorney's fees. *Doc. 33* at 1. Defendant moved to strike all four of Plaintiff's expert disclosures on June 3, 2014, arguing that they do not comply with the Federal Rules of Civil Procedure and are improper under the New Mexico Rules of Professional Conduct. *See generally doc. 33.* Defendant seeks to bar Plaintiff from introducing testimony from any of his proffered experts at trial.

**Plaintiff's Medical Experts**

Plaintiff argues that his proposed medical experts are treating physicians only, and have not been "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." FED. R. CIV. P. 26(a)(2)(B).  Plaintiff explicitly states that the treating physicians will not testify to matters beyond their diagnosis and treatment of Plaintiff's condition.  As such, they are exempt from providing expert reports under Local Rule 26.3(b), which specifically states that "[t]reating physicians need not prepare an expert report . . . ."  D.N.M.LR-Civ. 26.3(b).

The Court accepts Plaintiff's description of the limitations on the testimony of the treating physicians and he will be bound by those limitations.  Nonetheless, Federal Rule of Civil Procedure 26(a)(2)(C) creates requirements of disclosure for experts who need not provide a written report.  Specifically, this rule requires that the expert disclosure include "a summary of the facts and opinions to which the witness is expected to testify."  FED. R. CIV. P. 26(a)(2)(C).  Plaintiff's current disclosures as to his treating physicians are clearly insufficient.  The Court will therefore allow Plaintiff until **August 4, 2014**, to provide disclosures as to Doctors Ham and Fillmore which are comprehensive enough to satisfy Rule 26(a)(2)(C).  At trial, Plaintiff's treating physicians will not be permitted to provide any expert testimony beyond their diagnosis and treatment of Plaintiff's condition.

**Plaintiff's Legal Experts**

Defendant next moves to strike Plaintiff's disclosure of his two attorneys as legal experts on the reasonableness of attorney's fees.  In Plaintiff's response to Defendant's

Motion, he concedes that "it is not necessary for an attorney to testify regarding attorney's fees," but requests that the Court consider an affidavit by Plaintiff's counsel regarding fees and costs, should Plaintiff prevail at trial. *Doc. 45* at 4. At the hearing, Plaintiff confirmed that he would not present the testimony of his attorneys before the fact finder at trial, and agreed to limit any post-trial affidavit to standard information concerning the number of hours worked, the attorney's hourly rate, and support for that rate. *See doc. 57* at 2.

Federal Rule of Civil Procedure 26(a)(2)(A) requires that a party "disclose . . . the identity of any witness it may use *at trial* to present [expert testimony]" (emphasis added). Because Plaintiff does not seek to present the testimony of his attorneys at trial, their disclosure is not governed by Federal Rule of Civil Procedure 26. The Court therefore GRANTS Defendant's Motion to Strike Plaintiff's expert disclosures as to his lawyers. This ruling does not prejudice Plaintiff's ability to file an affidavit in support of attorney's fees, should Plaintiff prevail.

## Conclusion

For the foregoing reasons, Defendant's Motion to Strike (*doc. 33*) is GRANTED IN PART.

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE