IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

CHARLES MONTOYA,

    Plaintiff,

vs.                                          No. 13-cv-0030-JCH/GBW

JANET NAPOLITANO, SECRETARY,
U.S. DEPARTMENT OF HOMELAND
SECURITY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On April 23, 2015, Defendant Janet Napolitano filed a Motion for Reconsideration (ECF No. 72), asking this Court to reconsider its denial of summary judgment as to Plaintiff's claim under the Rehabilitation Act, 29 U.S.C. § 791 *et seq.*, on a failure-to-accommodate theory of liability, as set forth in the Court's Memorandum Opinion and Order (ECF No. 61), filed on April 16, 2015. Defendant argues that the Court should reconsider certain facts in the record and find that there is no material factual dispute that (1) Plaintiff was reasonably accommodated when he accepted the Las Cruces Mission Support Assistant ("MSA") position in El Paso on April 2, 2012; and (2) Plaintiff was not qualified for the position posted for the Mission Support Specialist ("MSS") position in the Las Cruces Customs and Border Protection ("CBP") office. Having considered the motion, evidence, relevant law, and otherwise being fully advised, the Court will grant Defendant's motion for reconsideration in part as described herein.

**I.     BACKGROUND**

The facts construed in the light most favorable to Plaintiff for purposes of considering Defendant's motion for summary judgment are set forth in the Court's April 16, 2015

Memorandum Opinion and Order (ECF No. 61), and with the exception of those facts discussed *infra*, the Court incorporates those facts by reference. The following facts are those relevant to the motion to reconsider.

On January 25, 2012, Lisa Calzada, on Plaintiff's behalf, notified Defendant that Plaintiff accepted its offer to conduct an agency-wide search for funded vacancies within or near Las Cruces for which he would qualify. Pl.'s Ex. 22, ECF No. 49-6 at 7-8 of 25.  The Agency performed the job search, and on or about March 15, 2012, Sarah Hobbs, Human Resources ("HR") Specialist from the Minneapolis Hiring Center made a written offer to Plaintiff for an MSA position in Las Cruces.  *See* Pl.'s Dep. 66:10-67:25, ECF No. 36-2. The MSA position was a demotion to a GS-05 position with a total salary of $40,706.  *See* Pl.'s Ex. 25, ECF No. 49-6 at 15 of 25.  The letter indicated that Plaintiff would be terminated if he did not accept the demotion. *See* Pl.'s Ex. B, ECF No. 95-1 (March 28, 2012 letter from Sarah Hobbs acknowledging that March 15, 2012 letter included "information regarding the potential of your removal from Agency employment if you did not accept the offer").

On March 22, 2012, Plaintiff's counsel sent a letter to Ms. Hobbs stating that Plaintiff was being forced to accept the position of MSA or be terminated, so Plaintiff was accepting the position but would continue to pursue his pending charges of discrimination with the EEOC. Pl.'s Ex. 23, ECF No. 49-6 at 10 of 25. On March 28, 2012, Ms. Hobbs sent Plaintiff another letter offering the position again, rescinding the prior offer that had the "erroneous information" regarding potential termination, and notifying him that his acceptance must be on a purely voluntary basis and not under protest. Pl.'s Ex. 31, ECF No. 49-7 at 24 of 33. On March 31, 2012, Plaintiff's counsel sent Ms. Hobbs another letter notifying her that Plaintiff was accepting the position, as he believed he would otherwise be terminated, and clarifying that he would not

release his pending EEO claims. Pl.'s Ex. 24, ECF No. 49-6 at 12-13 of 25. Although Plaintiff made $55,354 annually in his GS-9 SES position, *id.*, he accepted the offer for the new position on April 2, 2012, because he believed if he declined the offer, there would be no further consideration of reassignment as a reasonable accommodation. Pl.'s Dep. 67:12-68:15, ECF No. 36-2. Plaintiff signed the March 28, 2012 letter that contained the following language:

> Declination of this offer will cancel any further consideration of reassignment as a reasonable accommodation for your covered disability.
>
> In contrast, acceptance of this offer constitutes your agreement that CBP has met its current obligation to offer reasonable accommodation.

Pl.'s Ex. 31, ECF No. 49-7 at 24 of 33. On April 4, 2012, Plaintiff signed an acknowledgement that he understood and accepted the salary change that came with the MSA position, but noted that he was not waiving his EEO claims. Pl.'s Ex. 25, ECF No. 49-6 at 15 of 25. In his deposition, Plaintiff acknowledged that he understood that, by accepting the MSA position, he was accepting it as a reasonable accommodation for his covered disability. Pl.'s Dep. 69:16-20, ECF No. 36-2.

On or around April 4, 2012, Joseph Maurer, Division Chief, Operational Support, instructed Lynne Kellaway to submit "Recruit and Fill" personnel actions for positions in the El Paso Sector under a new structure, including an MSS, GS-9 position in Las Cruces. *See* Pl.'s Ex. 37, ECF No. 56 at 34-35 of 47. On or around April 8, 2012, Plaintiff began working in the MSA position in Las Cruces. *See* Pl.'s Dep. 69:8-15, ECF No. 36-2. On April 17, 2012, Plaintiff learned that a Vacancy Announcement was posted for the MSS GS-9 position at the Las Cruces Border Patrol Station. Pl.'s Ex. 37, ECF No. 56 at 11, 13 of 47. Plaintiff applied for the position. *Id.*

In the Court's April 16, 2015 Memorandum Opinion and Order, it noted that the parties disputed whether Plaintiff was qualified for the position. Mem. Op. and Order 10, ECF No. 61. Defendant asserted that it rejected his application because he did not meet the minimum education and/or experience requirements for the specialty and grade. *See* Pl.'s Dep. 84:22-85:6, ECF No. 36-2. The Court, however, construing the inferences in Plaintiff's favor, found that Plaintiff's statement that his Notice of Results showed that he was qualified for the position created a question of fact for the jury. *See* Mem. Op. and Order 18, ECF No. 61.

The Government now asks the Court to reconsider that conclusion and find that the record undisputedly shows Plaintiff was not qualified for the position. Plaintiff submitted his declaration, made under penalty of perjury, in which he stated that he had "a copy of my Notice of Results showing that I am qualified for the position." *See* Plaintiff's Ex. 37, ECF No. 56 at 2, 13-14 of 47. The Government asks this Court to consider the contents of the Notice of Results sent to Plaintiff, arguing that it refutes Plaintiff's statement that it shows he was qualified for the position.

## II.   STANDARD

An order denying summary judgment is interlocutory. The Court has broad discretion to reconsider its interlocutory orders prior to entry of judgment. *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders."); *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). The Court's

discretion to revise its interlocutory orders is not limited by the standards for reviewing a post-judgment motion filed pursuant to Fed. R. Civ. P. 59(e) or 60(b). *See Raytheon Constructors Inc. v. ASARCO, Inc*., 368 F.3d 1214, 1217 (10th Cir. 2003) ("[D]istrict court was incorrect to treat [the plaintiff's] motion for reconsideration [of an interlocutory order] under Rule 60(b), which only applies to final orders or judgments."). "Notwithstanding the district court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'" *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F.Supp.2d 1250, 1256 (D. Colo. 2000) (quoting *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995)). "Rather, as a practical matter, to succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id*. (internal quotation marks and citation omitted). Even under this lower standard, "[a] motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Id*. (quotation marks and citation omitted). Mindful of these principles, the Court will not alter its previous Memorandum Opinion and Order unless the Court has misapprehended the facts, a party's position, or the controlling law. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (explaining that "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."); *see Lehman Brothers Holdings Inc. v. Universal Am. Mortgage Co., LLC*, No. 13-cv-00090-PAB-MJW, 2014 WL 5069409, at *1 (D. Colo. Oct. 9, 2014). Motions for reconsideration are "inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or

supporting facts which were available at the time of the original [filing]." *Servants of the Paraclete*, 204 F.3d at 1012.

### III. ANALYSIS

#### A. Reassignment to vacant MSS position as a reasonable accommodation

Plaintiff submitted voluminous exhibits in support of its response to the motion for summary judgment. Although the Notice of Results email was submitted to the Court by Plaintiff as part of Plaintiff's Exhibit 37, Plaintiff did not cite to pages 42-43 of Plaintiff's Exhibit 37, a 47 page exhibit. Nor did Defendant cite to these pages of the record in its Reply to refute Plaintiff's claim that the Notice of Results showed that he was qualified. Because none of the parties cited to it in the first round of briefing, this Court did not review or consider the Notice of Results email when ruling on Defendant's motion for summary judgment. This evidence is thus "new" to the Court and provides just cause for reconsidering its prior ruling.

As relevant here, the Notice of Results email states:

This is a record of your application for Federal Employment in the occupation shown below. This is not a job offer…. Your qualification and any veterans preference claims are subject to verification. This verification could occur at any stage of the application process.

…

The next steps in the hiring process are:

2220 Application packages are referred to the selecting official. (Applications are referred only at the grade level for which an applicant is found qualified.)

2220 If your application was referred to the selecting official, you will receive a system generated e-mail titled 1C20Notification Letter1d20.

2220 If you do not receive a 1C20Notification Letter1d20 then your application was not referred to the selecting official….

Plaintiff's Ex. 37, ECF No. 56 at 41-42 of 47.

Contrary to Plaintiff's declaration, this Notice of Results, the best evidence of what the Notice of Results actually says, does not show that he was qualified for the position. This Court had previously considered Plaintiff's deposition testimony in which Plaintiff admitted that a particular document from the Agency indicated that he did not meet the minimum education and/or experience requirements for the specialty and grade for the MSS position, and thus his application had been rejected. *See* Pl.'s Dep. 84:22-85:6, ECF No. 36-2. At the time, the Court did not give that admission controlling weight because it appeared to be a limited admission that the Agency believed he was not qualified, not an admission that he was not qualified. Instead, the Court found that the Notice may supply objective evidence that Plaintiff was, indeed, qualified. Now that the Court has considered the contents of the Notice of Results, the Court finds that there is no evidence in the record, even construing the evidence in Plaintiff's favor, indicating he was qualified for the MSS position.

As discussed in this Court's April 16, 2015 Memorandum Opinion and Order, to make a prima facie case of failure to accommodate by reassignment to a vacant position, the plaintiff must show (1) that he is a disabled person; (2) the preferred option of accommodation within the plaintiff's existing job cannot be reasonably accomplished; (3) the plaintiff requested accommodation by reassignment; (4) the plaintiff was qualified to perform the vacant job; and (5) the plaintiff suffered injury. *Taylor v. Pepsi–Cola Co.*, 196 F.3d 1106, 1110 (10th Cir.1999). This Court now finds that Plaintiff has not met his burden of coming forward with admissible evidence to create a question of fact as to whether he was qualified to perform the vacant MSS position. Consequently, Plaintiff cannot show that Defendant did not participate in good faith in the interactive process by failing to notify him of and consider him for the MSS position during the interactive process. The Court will thus grant summary judgment to Defendant on Plaintiff's

failure to accommodate claim based on a theory that Defendant should have reassigned him to the vacant MSS position as a reasonable accommodation. *See Smith v. Midland Brake, Inc*., 180 F.3d 1154, 1170 (10th Cir.1999) (en banc) ("Although the statute does not require that the employee be the 'best qualified' employee for the vacant position, it at least ensures the employer that it need not make the reassignment unless the employee is truly qualified to do the job.").

      **B.**      **Transfer of Plaintiff's LECA/SES position to Las Cruces**

Plaintiff nonetheless has identified two other forms of reasonable accommodation that Defendant should have offered him prior to offering him the demotion: reassignment to one of the modified duty positions in Las Cruces or transferring his position to Las Cruces. The Court previously ruled that questions of fact existed on these issues. Defendant, however, contends that this Court should reconsider its prior ruling and instead find that, in accepting the MSA position in Las Cruces, Plaintiff expressly agreed that Defendant met its obligation under the law to offer a reasonable accommodation to him and that Plaintiff, having negotiated for that transfer, has received the benefit of his bargain and is precluded from seeking additional relief.

In *Smith v. Midland Brake, Inc.*, the Tenth Circuit extensively analyzed the scope of an employer's obligation to offer reassignment to a qualified employee with a disability. *See Midland Brake*, 180 F.3d at 1159. The Tenth Circuit first explained that, when an employer is considering several reasonable accommodation options, "the preferred option is always an accommodation that keeps the employee in his or her existing job if that can reasonably be accomplished." *Id.* at 1170. Transfer or reassignment is considered only after other efforts at accommodation have failed. *Id.* at 1171.

An employer need only take "reasonable" actions for reassignment. *Id.* The employer, however, must engage in good-faith communications with the employee. *Id.* at 1172. An employer is not required to create a new job for the purpose of reassigning an employee to that job. *Id.* at 1174. The existing job must be vacant. *Id.* at 1175. If the transfer would violate a legitimate, nondiscriminatory policy of the employer, the employer is not required to reassign the employee. *Id.* at 1176. Furthermore, an employer need only consider positions that are not promotions. *Id.* The employer should first consider moves to equivalent positions. *Id.* at 1177. "An employer may reassign an individual to a lower graded position *if there are no accommodations that would enable the employee to remain in the current position* and there are no vacant equivalent positions for which the individual is qualified with or without reasonable accommodation." *Id.* (quoting 29 C.F.R. Pt. 1630, App. § 1630.2(o)) (emphasis added).

The Tenth Circuit further explained:

> So long as it is consistent with the above requirements, the employer is free to choose the reassignment that is to be offered to the qualified individual with a disability. If the disabled individual rejects that reassignment, the employer is under no obligation to continue offering other reassignments. The ADA does not entitle an employee to a free ranging or perpetual right to a new position within the company. It requires the employer to use reasonable accommodation to keep the employee in his or her existing job, and if that cannot be accomplished, to use reasonable accommodation to offer a reassignment to another vacant job which that person would be qualified to perform with or without a reasonable accommodation. Once the employer has offered such a reassignment, its duties have been discharged.

*Midland Brake*, 180 F.3d at 1177.

In its prior ruling, although not explicit, the Court considered the evidence of the acknowledgement Plaintiff signed, but concluded that there was no meeting of the minds and no contract that Plaintiff agreed to, that in accepting the MSA position, he was agreeing to waive his disability discrimination claim. Although Plaintiff signed an acknowledgement that he

9

understood and accepted the salary change that came with the MSA position, he noted in writing that he was not waiving his EEO claims. His attorney repeatedly made that position known to Defendant in writing. His attorney further reiterated that Plaintiff accepted the position under duress based on the Agency's prior representations that termination could result if he failed to accept the demotion. Based on the totality of the circumstances, this Court cannot find as a matter of law that Plaintiff waived his rights to pursue his Rehabilitation Act claims. *See Torrez v. Public Service Co. of New Mexico, Inc.*, 908 F.2d 687, 689-90 (10th Cir. 1990) (nothing that waivers of federal remedial rights are not to be inferred lightly and applying totality of the circumstances approach to determine whether waiver was valid). There is no new evidence that causes the Court to revisit its conclusion that the acknowledgement amounted to a contract that Plaintiff must breach in order to pursue his disability discrimination suit for damages arising from his acceptance of a demotion.

     Aside from the contractual argument, the Court also had to determine whether the acceptance of the demotion in Las Cruces amounted to a reasonable accommodation under the circumstances. This Court previously found that a disputed issue of fact existed as to whether Defendant engaged in good faith in the interactive process to identify accommodations that would enable Plaintiff to remain in his existing LECA/SES position or whether there were lateral, equivalent positions in Las Cruces for which he should have been considered. If there were reasonable accommodations that would enable him to remain in his existing position or if he should have been placed in an equivalent, vacant position in Las Cruces, the employer could not discharge its obligations by pressuring the employee to accept a demotion by repeatedly refusing to engage in good-faith discussions to find an existing reasonable accommodation or equivalent position. *See Midland Brake*, 180 F.3d at 1177 ("The employer should first consider

lateral moves to positions that are regarded as equivalent. An employer may *only* consider lesser jobs that constitute a demotion *if* there are no such equivalent positions available.") (emphasis added); *Nighswander v. Henderson*, 172 F.Supp.2d 951, 954, 964 (N.D. Ohio 2001) (denying summary judgment to defendant on plaintiff's failure-to-accommodate claim, even though plaintiff signed job offer for modified part-time flexible clerk position under protest, because defendant failed to present evidence showing that it tried to accommodate plaintiff by attempting first to reassign plaintiff to equivalent position with no loss of pay or benefits).

The Court considered the request to change the duty station for his LECA/SES position to Las Cruces to constitute an accommodation within Plaintiff's existing job, rather than a reassignment to a vacant position. As such, the Court determined a question of fact existed as to whether that accommodation request was reasonable. Plaintiff presented some evidence that Las Cruces was equipped for a modified, permanent work position and that he could perform the essential functions of his position in Las Cruces. The Court found that Plaintiff made a prima facie showing that the cost of modifying his duty station or of converting one of the modified, temporary jobs into a permanent one was minimal and the benefits considerable. *Cf. Mason v. Avaya Communications, Inc.*, 357 F.3d 1114, 1124 (10th Cir. 2004) (noting that determination of whether request for at-home accommodation is reasonable must be made on case-by-case basis after determining which functions are essential to employment position); *Mengine v. Runyon*, 114 F.3d 415, 418-19 (3d Cir. 1997) ("[A]n employer is not required to create a job for a disabled employee. At the same time, we are reluctant to adopt a *per se* rule that the conversion of a temporary job to a permanent job can never constitute a 'reasonable accommodation' under the Rehabilitation Act. We think that in most cases the imposition of such a requirement will be unreasonable, but there might arise the rare case in which the cost of converting the temporary

job into a permanent one is slight and the benefits considerable."). There were no new facts or arguments presented in Defendant's motion to reconsider that compel this Court to modify its prior ruling. Accordingly, Plaintiff's acceptance of the demotion does not preclude Defendant from liability under the Rehabilitation Act where questions of fact exist as to whether there were accommodations that could have been made to Plaintiff's existing position or whether there were vacant equivalent positions for which he should have been considered *before* being offered the MSA position that constituted a demotion.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration **(ECF No. 72)** is **GRANTED in part and DENIED** in part as follows:

1. Defendant's request for summary judgment on Plaintiff's failure-to-accommodate claim under the Rehabilitation Act, 29 U.S.C. § 791 *et seq*., based on the theory that Defendant was obligated to offer him the MSS position is **GRANTED**, but

2. Defendant's request for summary judgment on Plaintiff's failure-to-accommodate claim under the Rehabilitation Act, 29 U.S.C. § 791 *et seq*., based on the theory that Defendant was obligated to either reassign Plaintiff to one of the modified duty positions in Las Cruces or transfer his position to Las Cruces is **DENIED**.

3. The parties must submit any amended witness lists, exhibit lists, and jury instructions **on or before 12:00 pm, Friday, May 8, 2015**, that are necessary to reflect the more limited failure-to-accommodate claim remaining in this case following this Court's ruling.

_____
**UNITED STATES DISTRICT JUDGE**